STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
ARJUN P. RAO (State Bar No. 265347)
DAVID W. MOON (State Bar No. 197711)
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone: 310-556-5822
Facsimile: 310-556-5959
Email: *lacalendar@stroock.com*

Attorneys for Defendant
  BMW OF NORTH AMERICA, LLC and
  BMW FINANCIAL SERVICES NA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALABASAS LUXURY MOTORCARS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC; BMW FINANCIAL SERVICES NA, LLC; and DOES 1 through 10, <br><br> Defendants. | Case No. 2:21-cv-08825-DMG-AS <br><br> [Assigned to Hon. Dolly M. Gee] <br><br> **NOTICE OF MOTION AND MOTION OF DEFENDANTS BMW OF NORTH AMERICA, LLC AND BMW FINANCIAL SERVICES NA, LLC TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:  December 16, 2022 <br> Time:  9:30 A.M. <br> Room:  8C |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 16, 2022 at 9:30 a.m. or as soon thereafter as the matter may be heard before the Honorable Dolly M. Gee, in Courtroom 8C, United States Courthouse, 350 West 1st Street, 8th Floor, Los Angeles, California 90012, defendants BMW of North America, LLC and BMW Financial Services NA, LLC will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an Order dismissing the Second Amended Complaint filed in this action on October 10, 2022, on the grounds that it fails to state a claim upon which relief can be granted.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the pleadings and papers on file herein, all other matters of which the Court may take judicial notice and such other or further material as may be presented at or in connection with the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on October 17, 2022.

Dated: October 31, 2022

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
ARJUN P. RAO
DAVID W. MOON

By: _____/s/ Arjun P. Rao_____
       Arjun P. Rao

Attorneys for Defendants
  BMW OF NORTH AMERICA, LLC and
  BMW FINANCIAL SERVICES NA, LLC

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND .............................................................................................. 3

    A. The Parties ............................................................................................ 3

    B. Procedural History and Allegations of the Second Amended Complaint ............................................................................................. 3

    C. BMW FS's Lease Agreement ............................................................... 4

III. ARGUMENT .................................................................................................... 6

    A. Standard on a Motion to Dismiss .......................................................... 6

    B. Plaintiff's UCL Claim Fails as a Matter of Law. ................................... 7

        1. Plaintiff Fails to Allege an "Unfair" Business Practice. ................ 7

        2. Plaintiff Also Fails to Allege an "Unlawful" Business Practice. ........................................................................................ 10

            a. Plaintiff Fails to Allege a Violation of Civil Code Section 2987. ............................................................................ 11

            b. Plaintiff Fails to Allege a Violation of Vehicle Code Section 11709.4. ........................................................................ 12

    C. Plaintiff Is Not Entitled to Restitution Under the UCL. ........................ 12

IV. CONCLUSION ............................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ............................................................................................ 6

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ............................................................................................ 6

Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,
    20 Cal. 4th 163 (1999) ................................................................................... 7, 8

City of San Jose v. Office of the Com'r of Baseball,
    776 F.3d 686 (9th Cir. 2015) .............................................................................. 7

Escobar, Inc. v. Klarna, Inc.,
    No. 20-cv-4908-DMG-GJSx, 2021 WL 840180 (C.D. Cal. Jan. 4,
    2021) ................................................................................................................... 6

Kwikset Corp. v. Super. Ct.,
    51 Cal. 4th 310 (2011) ...................................................................................... 12

Levitt v. Yelp! Inc.,
    765 F.3d 1123 (9th Cir. 2014) ............................................................................ 7

Madrid v. Perot Sys. Corp.,
    130 Cal. App. 4th 440 (2005) ........................................................................... 13

McReynolds v. Merrill Lynch & Co.,
    694 F.3d 873 (7th Cir. 2012) .............................................................................. 6

McVicar v. Goodman Glob., Inc.,
    1 F. Supp. 3d 1044 (C.D. Cal. 2014) ................................................................ 10

People v. McKale,
    25 Cal. 3d 626 (1979) ....................................................................................... 10

Rosario v. BMW N. Am.,
    No. RG20064734, 2020 Cal. Super. LEXIS 9792 (Alameda Cnty.
    Super. Ct. Dec. 9, 2020) ..................................................................................... 3

Shersher v. Super. Ct.,
  154 Cal. App. 4th 1491 (2007) .................................................................................... 12

Warnshuis v. Bausch Health U.S., LLC,
  No. 1:19-cv-1454-AWI-BAM, 2020 WL 7239588 (E.D. Cal. Dec. 9, 2020) ............................................................................................................................ 6

Wong v. BMW of N. Am., LLC,
  No. 2:20-CV-05031-MCS-SK, 2020 WL 8515013 (C.D. Cal. Nov. 25, 2020) ............................................................................................................................ 3

**Statutes**

Cal. Bus. & Prof. Code § 17200 et seq. ................................................................*passim*

Cal. Civ. Code § 2987 ............................................................................................*passim*

Cal. Veh. Code § 11709.4 .......................................................................................*passim*

**Rules**

Fed. R. Civ. P. 8 ................................................................................................... 6, 10

Fed. R Civ. P. 12(b)(6) ................................................................................................ 6

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, 18th Floor
Los Angeles, California 90067-3086

-iii-

MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 2:21-CV-08825-DMG-AS

LA 52703797

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Despite three attempts and clear guidance from this Court, plaintiff Calabasas Luxury Motorcars, Inc. ("Plaintiff") still fails to assert any actionable claim against defendants BMW of North America, LLC ("BMW NA") and BMW Financial Services NA, LLC ("BMW FS") (together, "Defendants"). As the Court is aware, this dispute arises from alleged changes to BMW FS's leasing program in the wake of the COVID-19 epidemic. As alleged by Plaintiff, BMW FS responded to the epidemic and related supply chain disruptions by preventing lessees from assigning their purchase option rights to third-party, non-authorized BMW dealerships. (See, e.g., 2d Am. Compl. ¶ 25.) Plaintiff contends that the new policy has restricted its ability to purchase leased BMW vehicles either separately or as trade-ins, supposedly in violation of Plaintiff's statutory rights. Based on these supposed statutory rights, Plaintiff asserts a single cause of action for "unfair" and "unlawful" business practices under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. (the "UCL").

Simply put, Plaintiff's operative complaint is without merit because there is no such statutory right. The statutes that Plaintiff cites—California Civil Code section 2987 and California Vehicle Code section 11709.4—do not require vehicle lessors to sell the vehicles that they own to unaffiliated dealers, nor is there anything improper in restricting off-lease sales to the lessees themselves or to authorized BMW dealerships. Initially, Plaintiff concedes the point by alleging that while the sections it cites "do[] not explicitly vest within all licensed dealers the ability to accept trade-ins, *it must be assumed*[.]" (2d. Am. Compl. ¶ 27.) But a lessor has the right to sell off-lease vehicles *that it owns* as it sees fit, just as a manufacturer or distributor of new motor vehicles may require its vehicles to be sold only through franchised dealerships. Indeed, as this Court has already found, these types of exclusive-dealing

arrangements are perfectly lawful as long as competitive products are available, which they indisputably are here.  (See ECF No. 31 at 4.)  In short, manufacturers and their affiliates are absolutely allowed to require the vehicles that they own to be sold through manufacturer-franchised dealerships.  Whether those vehicles are new from the factory or leased vehicles makes no difference.

Plaintiff continues to fundamentally misconstrue the nature of motor vehicle leases.  Contrary to Plaintiff's theory of the case, a lessee does not have a right to sell a leased vehicle to a third-party dealer (either as a standalone transaction or as a trade-in) ***because the lessee does not own the vehicle***.  Plaintiff's arguments that lessees have a statutory right to trade in leased vehicles with non-authorized BMW dealers, and that those dealers have a statutory right to purchase the vehicles from an unwilling seller, are meritless.  California Civil Code section 2987 grants lessees the right to terminate a vehicle lease at any time and imposes limits on the lessee's liability if the lessee returns the vehicle or purchases it, but the statute says nothing about allowing lessees to sell their vehicles—***which they do not own***—to unaffiliated dealers.  Similarly, California Vehicle Code section 11709.4 imposes no requirements whatsoever on vehicle lessors.  Instead, the statute regulates the conduct only of licensed vehicle dealers.  Finally, Plaintiff's prayer for restitution is baseless, since Plaintiff has paid nothing to Defendants and Defendants have collected nothing from Plaintiff.

Plaintiff has now had three attempts to plead viable claims.  Because the defects in the Second Amended Complaint are not curable through further amendment, Defendants respectfully request that the Motion be granted without leave to amend.

## II. BACKGROUND

### A. The Parties

Plaintiff is a California corporation operating as a "high-end luxury used vehicle dealership." (2d Am. Compl. ¶ 34, ECF No. 32.) BMW NA and BMW FS are Delaware limited liability companies with their principal places of business in Woodcliff Lake, New Jersey. (Id. ¶¶ 6-8.) BMW FS is either the assignee or servicer of the leases at issue. (See Req. for Judicial Notice ("RJN") Ex. A ¶ 2.) BMW FS is a wholly owned subsidiary of BMW NA. (Id. Ex. B); see also Wong v. BMW of N. Am., LLC, No. 2:20-CV-05031-MCS-SK, 2020 WL 8515013 (C.D. Cal. Nov. 25, 2020) (recognizing BMW FS as a wholly owned subsidiary of BMW NA); Rosario v. BMW N. Am., No. RG20064734, 2020 Cal. Super. LEXIS 9792 (Alameda Cnty. Super. Ct. Dec. 9, 2020) (same).)

### B. Procedural History and Allegations of the Second Amended Complaint

Plaintiff filed the original Complaint in this action on November 9, 2021. (ECF No. 1.) In the original Complaint, Plaintiff asserted a single cause of action for violation of the UCL predicated on Defendants' purported violations of California Civil Code section 2987 and California Vehicle Code section 11709.4. (See id. ¶¶ 53, 57, 59, 72.) On December 26, 2021, Plaintiff filed its First Amended Complaint, replacing Plaintiff's original theory of liability with claims based on purported violations of California's Cartwright Act. (See 1st Am. Compl. ¶¶ 69-79, 92, 103, ECF No. 18.)

On September 19, 2022, the Court entered an order granting Defendants' motion to dismiss the First Amended Complaint. (ECF No. 31.) The Court found, in particular, that Plaintiff failed to allege facts to support an antitrust claim against Defendants and thus also failed to allege a claim for "unfair" business practices under the UCL. (Id. at 4 (citing City of San Jose v. Office of the Com'r of Baseball, 776 F.3d 686, 692 (9th Cir. 2015)).) The Court did not address whether Plaintiff had

alleged a claim for "unlawful" business practices because it found that Plaintiff had waived the issue. (Id. at 3 n.2.) The Court granted Plaintiff leave to amend. (Id. at 5.)

On October 11, 2022, Plaintiff filed its Second Amended Complaint. (ECF No. 32.) As with the two prior complaints, Plaintiff challenges "Defendants'" policy of not allowing non-authorized BMW dealerships to purchase or take leased BMW vehicles as trade-ins. (2d Am. Compl. ¶¶ 2-3, 25, 34-35.) Plaintiff alleges that it has a statutory right to purchase leased BMW vehicles as trade-ins pursuant to California Civil Code section 2987 and California Vehicle Code § 11709.4. (Id. ¶ 33.) Plaintiff alleges that it suffered "up to $25,000" in "lost income on at least one potential Rolls-Royce trade-in," "about" $7,500 on a BMW X5 trade-in and "approximately" $10,000 on a BMW X7 trade-in. (Id. ¶¶ 50-56.)

Based on the foregoing, Plaintiff asserts a single cause of action for "unfair" and "unlawful" business practices in violation of the UCL. (Id. ¶¶ 43-81.) Plaintiff purports to assert claims on its own behalf and on behalf of a putative class of other non-BMW vehicle dealerships in California. (Id. ¶ 39.)

**C.  BMW FS's Lease Agreement**

The lease agreements at issue in this case are typical motor vehicle lease agreements, in which (1) the lessor holds title to and owns the vehicle and (2) the lessee's rights under the vehicle are not assignable without the lessor's prior written approval. This is expressly and conspicuously stated in the lease terms:[1]

> **Assignment.** You may assign your interests under this Lease without my consent. I MAY NOT TRANSFER OR SUBLEASE THIS VEHICLE TO A THIRD PARTY OR ASSIGN THE LEASE OR ANY RIGHTS UNDER IT WITHOUT YOUR PRIOR WRITTEN

---

[1] As defined in the Lease Agreement, "You" refers to the lessor (BMW FS) and "I" refers to the lessee (customer).

-4-

> APPROVAL, WHICH YOU MAY WITHHOLD IN YOUR SOLE
> JUDGMENT.

(RJN Ex. A ¶ 35.) As is also typical of motor vehicle leases, other provisions of the agreement provide that the lessee may terminate the lease at any time by purchasing the vehicle or returning it to a location specified by the lessor:

> **Purchase Option.** I have an option to purchase the Vehicle AS-IS, WHERE-IS. If I want to buy the Vehicle, I will notify you in advance and agree to complete any documents you require for the purchase. I also agree to re-register and re-title the Vehicle at my own expense in my name at the time I purchase it. If I fail to do so, you reserve the right to cancel the registration. At the Scheduled Termination of the Lease, the purchase price will be the Residual Value (Section 10.D). Prior to the end of the Lease Term, the purchase price will be the Adjusted Lease Balance (Section 30). In either case, I agree to also pay any other amounts due or outstanding under the Lease at the time of purchase such as any official fees, unpaid Monthly Payments or late charges.
>
> **Early Termination of the Lease.** I may terminate this Lease at any time by purchasing the Vehicle (Section 27) or by returning the Vehicle to a location selected by you, if I am in full compliance with the Lease and satisfy all of my Early Termination obligations. . . .

(Id. ¶¶ 27, 30.)

Taken together, these provisions reflect the fact that the lessee has a non-assignable right to purchase his or her leased vehicle at any time, but that this right is not transferable to others, including unaffiliated third-party dealers like Plaintiff, without the lessor's permission.

## III. ARGUMENT

### A. Standard on a Motion to Dismiss

To survive a Rule 12(b)(6) motion, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion," and "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." McReynolds v. Merrill Lynch & Co., 694 F.3d 873, 885 (7th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint should be dismissed under Rule 12(b)(6) "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Ashcroft, 556 U.S. at 679.

Rule 8 of the Federal Rules of Civil Procedure "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 & n.3. "Lumping together" different defendants "fails to meet Rule 8's requirement that a pleading 'provide sufficient notice to all of the Defendants as to the nature of the claims being asserted against them.'" Escobar, Inc. v. Klarna, Inc., No. 20-cv-4908-DMG-GJSx, 2021 WL 840180, at *3 (C.D. Cal. Jan. 4, 2021) (Gee, D.) (quoting Doe One v. CVS Pharmacy, Inc., 348 F. Supp. 3d 967, 979-80 (N.D. Cal. 2018)) (quoting Adobe Sys. Inc. v. Blue Source Grp., Inc., 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015)). "[C]omplaints that lump defendants together without adequately distinguishing claims and alleged wrongs among the defendants are improper." Warnshuis v. Bausch Health U.S., LLC, No. 1:19-cv-1454-AWI-BAM, 2020 WL 7239588, at *6 (E.D. Cal. Dec. 9, 2020).

Here, the Second Amended Complaint improperly "lumps together" BMW FS (the assignee or servicer of the leases at issue) and BMW NA (BMW FS's parent company) without adequately distinguishing between the two or even identifying which of the two entities supposedly owed statutory duties to Plaintiff. In particular,

the Second Amended Complaint does not even attempt to tie BMW NA to the allegations at issue, and Plaintiff's claims against BMW NA should therefore be dismissed on this basis.  Moreover, while Plaintiff's failure in this regard is enough to require dismissal as to BMW NA, the Second Amended Complaint is otherwise meritless in any event.

**B.     Plaintiff's UCL Claim Fails as a Matter of Law.**

The UCL broadly prohibits "any unlawful, unfair or fraudulent business act or practice . . . ."  Cal. Bus. & Prof. Code § 17200.  Here, Plaintiff purports to allege both an "unfair" and an "unlawful" business practice.  (2d Am. Compl. ¶¶ 58-81.)  As discussed below, Plaintiff fails to state a claim under either prong of the UCL.

**1.     Plaintiff Fails to Allege an "Unfair" Business Practice.**

As explained by the Ninth Circuit, the correct test for "unfairness" between businesses (including both direct competitors and other market participants) is the test articulated by the California Supreme Court in Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163 (1999).  See Levitt v. Yelp! Inc., 765 F.3d 1123, 1136 (9th Cir. 2014).  Under the Cel-Tech test, "the word 'unfair' . . . means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."  Levitt, 765 F.3d at 1136 (quoting Cel-Tech, 20 Cal. 4th at 187).[2]  "'If the same conduct is alleged to be both an antitrust violation and an "unfair" business act or practice for the same reason—because it unreasonably restrains competition and harms consumers—the determination that the conduct is not an unreasonable restraint of trade necessarily implies that the conduct is not "unfair" . . . .'"  City of

---

[2] As explained by the Ninth Circuit, the Cel-Tech standard applies not only in suits by direct competitors, but also where a non-competitor defendant's conduct allegedly injures plaintiff's economic interests to the benefit of defendant and other businesses.  See id.

-7-

San Jose v. Off. of the Comm'r of Baseball, 776 F.3d 686, 691-92 (9th Cir. 2015) (quoting Chavez v. Whirlpool Corp., 93 Cal. App. 4th 363, 375 (2001).  A UCL claim predicated on an antitrust violation "is therefore barred so long as [defendant]'s activities are lawful under the antitrust laws."  Id.

In granting Defendant's motion to dismiss the First Amended Complaint, this Court explained that the three tests for unfairness cited by Plaintiff—the "balancing test," the "tethering test" and the "section 5 test"—"***are not appropriate in this case***" because "***these tests are used to evaluate unfairness in consumer cases, not between business competitors***."  (ECF No. 31 at 3 (emphasis added) (citing Levitt v. Yelp! Inc., 765 F.3d 1123, 1130 (9th Cir. 2014) (citing Cel-Tech, 20 Cal. 4th at 187)).)  Thus, the Court explained, "If the alleged 'unfair' conduct is acceptable under the antitrust laws, there is no UCL violation."  (Id. (citing Levitt, 765 F.3d at 1136-37, and Reed V. Nat'l Football League, No. CV 15-1796-DMG (AGRx), 2015 WL 13333481, at *5 (C.D. Cal. Sept. 24, 2015)).)

The Court further concluded that Defendants' alleged conduct was not "unfair" under the applicable Cel-Tech standard because Defendants' conduct did not violate any antitrust laws.  Among other things, the Court found that BMW FS is a wholly owned subsidiary of BMW NA, and thus Defendants are treated as one entity with a single unity of interest.  (See ECF No. 31 at 4 (citing In re Automobile Antitrust Cases I & II, 1 Cal. App. 5th 127, 155 (2016) (citing Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 769-71 (1984)).)  The Court further reasoned that the antitrust laws do not prohibit a business from unilaterally determining the parties with which it will deal and the terms on which it will transact business.  (Id. (citing G.H.I.I. v. MTS, Inc., 147 Cal. App. 3d 256, 258 (1983), and United States v. Colgate & Co., 250 U.S. 300, 308 (1919)).)  In particular, the Court observed that a manufacturer is allowed to "franchise certain dealers to whom, alone, he will sell his goods [. . . as long as] competitive products are readily available to

-8-

others." (Id. (quoting U. S. v. Arnold, Schwinn & Co., 388 U.S. 365, 376 (1967), overruled on other grounds by Cont'l T.V., Inc. v. GTE Sylvania, Inc., 433 U.S. 36 (1977)).) As the Court found, "[o]ther vehicles on the market are competitive with those leased by BMW—and [Plaintiff] does not plausibly allege otherwise." (Id.)

In the Second Amended Complaint, Plaintiff simply ignores this Court's clear finding that Defendants' conduct is not "unfair" under the UCL. Indeed, Plaintiff simply recites the same three tests—the "balancing test," the "tethering test" and the "section 5 test"—that this Court has already expressly held do not apply in this case. (See 1st. Am. Compl. ¶¶ 58, 60, 61.) Because Plaintiff has failed to add any allegations that would cure the defects identified by the Court, Plaintiff's claim pursuant to the UCL's unfair prong must be dismissed with prejudice.

Moreover, even if the consumer standards applied here—which they do not—Plaintiff still fails to allege an unfair act or practice. Plaintiff alleges that "Defendants' actions constitute an 'unfair' business practice because Defendants refused to allow Plaintiff to exercise [its] statutory right to accept a trade-in vehicle for value pursuant to Vehicle Code § 11709.4 and Civil Code § 2987." (2d Am. Compl. ¶ 59; see also id. ¶ 61.) However, as further discussed below, neither of these sections provide a third party any statutory right to purchase a vehicle. California Civil Code section 2987 grants *lessees—which Plaintiff is not*—the right to terminate a vehicle lease contract at any time and imposes limits on the lessee's liability if the lessee returns the vehicle or purchases it. Notably, the statute says nothing about allowing an unaffiliated third-party dealer (like Plaintiff) to purchase a leased vehicle from a lessee. Logically, the statute could not provide such a right since a lessee does not own a leased vehicle and therefore has no right to sell or otherwise dispose of the vehicle outside of the contract or statutes. Similarly, California Vehicle Code section 11709.4 imposes no requirements whatsoever on

vehicle lessors or their affiliates. Instead, the statute regulates the conduct only of licensed vehicle dealers.[3]

Further, there is nothing inherently "unfair" about restricting off-lease sales to BMW dealerships. A lessor has the right to sell off-lease vehicles that it owns as it sees fit, just as a manufacturer or distributor of new motor vehicles may require its vehicles to be sold only through franchised dealerships. Indeed, as this Court has already found, these types of exclusive-dealing arrangements are perfectly lawful as long as competitive products are available. (See ECF No. 31 at 4.)

Accordingly, Plaintiff fails to state a claim under the UCL's "unfair" prong.

### 2. Plaintiff Also Fails to Allege an "Unlawful" Business Practice.

"The unlawful prong of the UCL borrows violations of other laws and treats them as unlawful practices." McVicar v. Goodman Glob., Inc., 1 F. Supp. 3d 1044, 1053 (C.D. Cal. 2014) (quoting Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 180 (1999) (internal quotation marks omitted). However, a plaintiff must allege "supporting facts demonstrating the illegality" of the challenged practice; merely alleging that conduct "is in violation of a specific statute is purely conclusionary and insufficient" to state a claim. People v. McKale, 25 Cal. 3d 626, 635 (1979). Here, Plaintiffs' claim under the UCL's "unlawful" prong fails as a matter of law because Plaintiff does not—and cannot—allege an actual violation of any underlying law.

---

[3] Moreover, there is nothing in the Second Amended Complaint that suggests that BMW NA engaged in any unfair conduct. Unlike BMW FS—which is alleged to be a party to the lease agreement (2d. Am. Compl. ¶¶ 23, 24, 32) and to have issued correspondence stating that it would not accept lease payoffs from third-party dealerships (id. ¶ 35)—there are no allegations that BMW NA is a party to the lease agreement, had any communication with Plaintiff, or refused to accept a lease payoff. Plaintiff's allegations that lump "Defendants" or "BMW" together plainly violates Rule 8 as there are no factual allegations sufficient to establish that BMW NA engaged in any unfair conduct.

-10-

### a. Plaintiff Fails to Allege a Violation of Civil Code Section 2987.

California Civil Code section 2987 provides lessees with a statutory right to terminate a vehicle lease contract at any time. See Cal. Civ. Code § 2987(a) ("A lessee has the right to terminate a lease contract at any time prior to the scheduled expiration date specified in the lease contract."). If the lessee terminates the lease and does not purchase the vehicle or trade in the vehicle in connection with the purchase of another vehicle, the lessee's liability is determined under subdivisions (b) through (e). If the lessee terminates the lease and purchases the vehicle, the foregoing liability provisions do not apply and the selling price may be no more than the price determined under paragraphs (1) through (4) of subdivision (f). See Cal Civ. Code § 2987(f). Finally, if the lessee terminates the lease and trades in the vehicle, the liability provisions of subdivisions (b) through (e) do not apply and the value assigned to the trade-in is left to the parties. Id.[4]

Simply put, nothing in section 2987 allows a lessee to "trade in" a vehicle with an unaffiliated third-party dealer—nor could it, since the lessee does not own the vehicle. To be sure, if the lease agreement gives the lessee the option to purchase the vehicle, the lessee may exercise the purchase option and then sell the vehicle to anyone he or she wishes, but the BMW lease agreement provides that the lessee's purchase option may not be assigned without the lessor's prior written approval:

> **35. Assignment.** You may assign your interests under this Lease without my consent. I MAY NOT TRANSFER OR SUBLEASE THIS VEHICLE TO A THIRD PARTY OR ASSIGN THE LEASE OR ANY RIGHTS UNDER IT WITHOUT YOUR PRIOR WRITTEN

---

[4] In other words, if a lessee terminates and purchases the vehicle, section 2987(f)(1)-(4) sets a cap on the amount that the lessee must pay. However, this cap only applies to the "selling price"; there is no limit on the amount that a lessor can agree to apply against the purchase price of another vehicle in a trade-in.

-11-

APPROVAL, WHICH YOU MAY WITHHOLD IN YOUR SOLE JUDGMENT.

(RJN, Ex. A ¶ 35.)

Plaintiff's conclusory assertions that Defendants violated section 2987 must be rejected.[5]

### b. Plaintiff Fails to Allege a Violation of Vehicle Code Section 11709.4.

Plaintiff's reliance on California Vehicle code section 11709.4 is equally misplaced.  Section 11709.4 imposes certain requirements on motor vehicle dealers "when a dealer purchases or obtains a vehicle in trade in a retail sale or lease transaction and the vehicle is subject to a prior credit or lease balance."  Cal. Veh. Code § 11709.4(a).  Thus, by its terms, section 11709.4 applies only to dealers, and only when a dealer "purchases or obtains a vehicle."  Id.  Plaintiff alleges that dealers like it may purchase or obtain a vehicle in trade if the lessee assigns his or her purchase option.  (2d Am. Compl. ¶ 25.)  Here, however, assignment of the purchase option requires BMW FS's prior approval.  Thus, section 11709.4 would only come into play if BMW FS agreed to sell particular vehicles to Plaintiff, which it has not.

Again, Plaintiff's conclusory assertions that Defendants violated section 11709.4—which facially has no application here—must be rejected.

### C. Plaintiff Is Not Entitled to Restitution Under the UCL.

To establish an entitlement to restitution under the UCL, a plaintiff must show that the plaintiff lost money or property as a result of unfair competition by the defendant ***and that the money or property was acquired by the defendant***.  See Kwikset Corp. v. Super. Ct., 51 Cal. 4th 310, 336 (2011); Shersher v. Super. Ct., 154 Cal. App. 4th 1491, 1498 (2007) (holding that restitution "must be truly

---

[5] Again, there is nothing in the Second Amended Complaint sufficient to establish a claim that BMW NA violated section 2987.  Indeed, and as noted in footnote 3, above, BMW NA is not alleged to be a party to the lease agreement.

-12-

'restitutionary in nature'—that is, it must represent the return of money or property the defendant acquired through its unfair practices"); Madrid v. Perot Sys. Corp., 130 Cal. App. 4th 440, 456 (2005) ("[P]laintiff fails to cite any authority that a UCL plaintiff may recover money from a defendant who never received it on a theory that the defendant conspired with or aided someone else who did receive it. This sounds like damages (which are unavailable under the UCL) rather than restitution.").

Here, Plaintiff purports to seek restitution under the UCL. (2d Am. Compl. 14 ¶ 1.) However, Plaintiff does not and cannot plausibly allege that it paid money to either of Defendants in connection with trade-ins that did not take place. Accordingly, Plaintiff cannot seek restitution from Defendants under the UCL.

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion in its entirety and without leave to amend.

Dated:  October 31, 2022              Respectfully submitted,

                                      STROOCK & STROOCK & LAVAN LLP
                                      JULIA B. STRICKLAND
                                      ARJUN P. RAO
                                      DAVID W. MOON


                                      By:      /s/ Arjun P. Rao
                                               Arjun P. Rao

                                      Attorneys for Defendants
                                        BMW OF NORTH AMERICA, LLC and
                                        BMW FINANCIAL SERVICES NA, LLC

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2022, a copy of the foregoing **NOTICE OF MOTION AND MOTION OF DEFENDANTS BMW OF NORTH AMERICA, LLC AND BMW FINANCIAL SERVICES NA, LLC TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

 */s/ Arjun P. Rao*
 Arjun P. Rao