1   Robert L. Starr (183052)
    robert@starrlaw.com
2   Adam M. Rose (210880)
    adam@starrlaw.com
3   Theodore R. Tang, Esq. (313294)
    theodore@starrlaw.com
4   THE LAW OFFICE OF ROBERT L. STARR, APC
    23901 Calabasas Road, STE #2072
5   Calabasas, CA 91302
    Telephone: (818) 225-9040
6   Facsimile: (818) 225-9042

7   Attorneys for Plaintiff
    Calabasas Luxury Motorcars

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  CALABASAS LUXURY                     Case No.: 21-cv-08825-DMG-AS
    MOTORCARS, INC.,
13                                       PLAINTIFF CALABASAS LUXURY
          Plaintiff,                     MOTORCARS, INC.'S OPPOSITION
14                                       TO DEFENDANTS BMW OF
          v.                             NORTH AMERICA, LLC'S AND
15                                       BMW FINANCIAL SERVICES NA,
    BMW OF NORTH AMERICA, LLC;           LLC'S MOTION TO DISMISS THE
16  BMW FINANCIAL SERVICES NA,           SECOND AMENDED COMPLAINT;
    LLC; and DOES 1 through 10,          MEMORANDUM OF POINTS AND
17                                       AUTHORITIES
          Defendants.
18
                                         Date: December 16, 2022
19                                       Time: 9:30 a.m.
                                         Ctrm: 8C
20

21

22

23  **I.    INTRODUCTION**

24        This is a case about how BMW North America and BMW Financial Services

25  (collectively "Defendants"), have inflicted economic harm to non-BMW vehicle

26  dealerships throughout the State of California. In response to the filing of the Second

27  Amended Complaint ("SAC"), Defendants have moved to dismiss. For the reasons

28  explained below, Defendants' motion should be denied.

## II.   FACTUAL ALLEGATIONS

The SAC alleged that due to the catapulting of prices for new and used cars, lessees whose lease terms have either not yet expired or are about to expire have found themselves in possession of vehicles whose market values—as calculated by Cal. Civ. Code § 2987—are worth significantly more than the amounts owed on their respective leases. Dkt. # 32 at ¶¶ 16-20.

Due to this increased equity, consumers are recognizing that the resale value of their vehicles exceeds the vehicle's payoff price, and many consumers have thus sought to buy out the lease or trade-in the car for a profit rather than turning the car over to Defendants at the end of the lease. *Id.* at ¶ 20.

Cal. Civ. Code § 2987 discusses that a "A lessee has the right to terminate a lease contract at any time prior to the scheduled expiration date specified in the lease contract." In explaining a consumer's rights, subdivision (f) of the statute states: "Subdivisions (b) to (d), inclusive, do not apply if, prior to the scheduled expiration date specified in the lease contract**, the lessee terminates the lease and purchases the vehicle or trades in the vehicle in connection with the purchase or lease of another vehicle.**" Dkt. # 32 at ¶ 28, citing Cal. Civ. Code § 2987(f) (emphasis added).

Under Cal. Civ. Code § 2987(a), consumers have a right to terminate their leases. Likewise, Cal. Vehicle Code § 11709.4 sets forth the procedures which must be employed by a vehicle dealer when a consumer wishes to exercise their right to trade-in the vehicle pursuant to Cal. Civ. Code § 2987(c).

The SAC alleged that pursuant to both of these statutes, there must necessarily exist an implied statutory right in favor of licensed vehicle dealers to accept vehicle trade-ins, for if such were not the case, then there would be no need for these statutes in the first place. Thus, if a licensed vehicle dealer did not have the right to accept trade-ins or engage in third-party payoffs, then both Civ. Code § 2987 and Vehicle Code § 11709.4 would be rendered completely nugatory. Dkt. # 32 at ¶ 27.

-2-

1    By way of example, supposing that a consumer who has 10 months left on

2  their BMW lease now wants to lease a different brand vehicle. When that consumer

3  arrives at a different brand dealership and attempts to trade in their BMW, the

4  different brand vehicle dealer is prevented from accepting the vehicle because

5  Defendants do not to allow non-BMW dealerships to accept their vehicles as a

6  "trade-in" vehicle. The same is true if the consumer attempted to trade in the vehicle,

7  or sell the vehicle, to an independent used vehicle dealership. *Id*. at ¶ 31.

8    However, Defendants will only allow the consumer to trade in the vehicle with

9  BMW brand vehicle dealerships. Defendants do not allow consumers to sell their

10  BMWFS leased BMW vehicles to non-BMW franchise dealerships. The net effect is

11  only BMW can capture the equity in the leased vehicles.

12    This conduct harms Plaintiff (an independent dealership) and the Class since

13  they are prevented from obtaining the equity in the vehicle. *Id*. at ¶ 32. This conduct

14  is particularly unpalpable in light of the fact that Civ. Code § 2988, in its title, makes

15  explicit that "the lessee will bear the risk of the motor vehicle's depreciation." Cal.

16  Civ. Code § 2988.

17    The apparent reason that Cal. Civ. Code § 2987 allows both a consumer to

18  trade in their vehicle and the dealer to accept the vehicle is because Cal. Civ. Code §

19  2988 places all the risk of the vehicle's depreciation on the lessee.

20    Plaintiff alleged that Defendants' conduct was designed to require Plaintiff's

21  customers to return their leased BMW vehicles only to BMW franchise dealerships.

22  Therefore, if a consumer leased a BMW vehicle and wanted to end the lease early,

23  they could not engage with non-BMW franchise dealerships and instead were

24  relegated to dealing strictly with BMW franchise dealerships. Dkt. # 32 at ¶ 33.

25    Thus, when lessees attempted to trade in their BMW vehicles with Plaintiff,

26  Defendants prohibited Plaintiff the potential trade ins and would not allow Plaintiff

27  to pay off the vehicles and take title. Indeed, a November 4, 2021 correspondence

28  from BMWFS confirmed that BMW only allows "purchase of [a] leased vehicle or

OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT

1 return or trade-in vehicle to an authorized BMW Center. BMW Financial Services

2 will not honor payoffs received from third-party dealerships. In the event a payoff

3 was received from a third-party dealership, BMW Financial Services will return the

4 payment by mail to the original sender." *Id*. at ¶¶ 34-35.

5 　　Based on the foregoing, Plaintiff alleges the above violated the unlawful and

6 unfair prongs of the Unfair Competition Law.

7

8 **III.  LEGAL STANDARD**

9 　　The methodology for ruling on a motion to dismiss requires the court to

10 assume all well-pled facts to be true and to draw all reasonable inferences in favor of

11 the non-moving party. See, *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*,

12 497 F.3d 972, 975 (9th Cir. 2007). When reviewing the complaint, the Court must

13 not read each allegation in isolation, but instead must read it "as a whole" and its

14 parts in their context. See, *Ronconi v. Larkin*, 253 F.3d 423, 429 (9th Cir. 2001). A

15 complaint need only allege sufficient facts to show "a claim to relief that is plausible

16 on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Assessing

17 plausibility does not involve analysis of the merits. *Id*. at 556-57.

18 　　"A claim has facial plausibility when the plaintiff pleads factual content that

19 allows the court to draw the reasonable inference that the defendant is liable for the

20 misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "This is not to say

21 that the factual allegations must themselves be plausible; after all, they are assumed

22 to be true. It is just to say that relief must follow from the facts alleged." [*Bryson v.*

23 *Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008); see also, *Moss v. U.S. Secret*

24 *Service*, 572 F.3d 962, 970 (9th Cir. 2009) ("When there are well pleaded factual

25 allegations, a court should assume their veracity and then determine whether they

26 plausibly give rise to an entitlement to relief.").

27 　　To the extent the pleadings fail to state a claim, the court should grant leave to

28 amend if these insufficiencies can be cured by additional facts.

## IV.  ARGUMENT

### (A)  DEFENDANTS' CONDUCT VIOLATED CAL. CIV. CODE § 2987

The UCL's unlawful prong prohibits "anything that can properly be called a business practice and that at the same time is forbidden by law." *Barquis v. Merchants Collection Assn.*,7 Cal.3d 94, 113 (1972) (citations omitted); see also, *Stop Youth Addiction, Inc. v. Lucky Stores, Inc*.,17 Cal.4th 553, 560 (1998). Business acts or practices that violate other state or federal laws are independently actionable under § 17200. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999).

Any business act or practice that is unlawful, in the sense that it violates a specific statute, may be enjoined under the UCL. See, *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal.3d 197, 209–210 (1983); see also, *Consumers Union of United States, Inc. v. Fisher Dev., Inc.,* 208 Cal.App.3d 1433, 1438–1439 (1989).

Plaintiff alleged that by refusing to allow Plaintiff to engage in third-party payoffs, Defendants violated Civ. Code 2987(f) which allows consumers to purchase or trade in their vehicle with the purchase or lease of another vehicle. Given this statutory right, there should also exist a corresponding right of third parties to accept these vehicles as trade ins. Yet, Defendants have interfered with this right by preventing consumers from trading in the vehicles with independent dealerships.

### (B)  CAL. CIV. CODE § 2987 ALLOWS FOR THIRD PARTY PAYOFFS

To understand why Section 2987 allows for third party payoffs, one should look to the very next statute—Cal. Civ. Code § 2988 which is entitled "Lessee to bear risk of vehicle's depreciation." Given that, under Section 2988, a lessee may be required to bear the risk of the vehicle's depreciation, it would lead to an asynchronous result not to allow consumers and, by proxy, independent vehicle dealerships, to engage in third party payoffs.

OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT

1    If Section 2987 did not allow consumers and non-BMW dealerships to

2 engaging in third party payoffs, then consumers would be subject only to BMW

3 when they attempted to trade in or terminate their leases early.

4    Finally, Plaintiff's contention that § 2987 allows for third party payoffs is

5 further supported by a discerning evaluation of the differing language in Civ. Code §

6 2987(f) and (g).

7    With § 2987(f), its provisions become applicable when "prior to the scheduled

8 expiration date specified in the lease contract, the lessee (1) terminates the lease and

9 purchases the vehicle or (2) trades in the vehicle in connection with the purchase or

10 lease of another vehicle. Cal. Civ. Code § 2987(f) (emphasis added). On the other

11 hand, the provisions of § 2987(g) apply when "the lessee terminates a lease contract,

12 voluntarily returns possession of the vehicle **to the lessor**, and timely pays all sums

13 required under the lease contract." Cal. Civ. Code § 2987(g); emphasis added.

14    Thus, Section 2987(f) allows for a lessee to "trade in the vehicle in connection

15 with the purchase or lease of another vehicle." However, the provisions of § 2987(g)

16 only apply when "the lessee terminates a lease contract, voluntarily returns

17 possession of the vehicle to the lessor, and timely pays all sums required under the

18 lease contract."

19    The distinction between the two is that (g) applies when the lessee terminates

20 the lease and returns the vehicle "to the lessor" specifically; but (f) applies iwhen the

21 lessee trades in the vehicle in connection with the purchase or lease of any other

22 vehicle generally.

23    If (f) did not allow for third party payoffs to non-lessor dealerships, it would

24 have language about trading in only to the lessor. This is contrasted with (g) that

25 limits to situations where the lessee returns the vehicle to the lessor." Given the

26 above, there is arguably a basis for the unlawful prong of the UCL.

27 ///

28 ///

OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT

1    **(C)        THE CONDUCT WAS UNFAIR**

2        Paragraphs 63 to 69 the second amended complaint explain how the above

3  conduct harmed competition, as Defendants' policy unfairly prevented non-BMW

4  dealerships such as Plaintiff from helping consumers to trade in BMW vehicles.

5        One test that defines unfairness is: (1) the consumer injury must be substantial;

6  (2) the injury must not be outweighed by any countervailing benefits to consumers or

7  competition; and (3) it must be an injury that consumers themselves could not

8  reasonably have avoided. *Camacho v. Auto. Club of Southern Cal.*, 142 Cal.App.4th

9  1394, 1403 (2006), citing 15 U.S.C. § 45(n).

10       There is apparently no benefit to consumers or competition by Defendants'

11  policy of restricting vehicle trade-ins to BMW dealerships, and based on the policy's

12  scope, it could not be avoided. Thus, there is arguably a basis for the unfair prong

13  since the policy harms competition for Plaintiff and the Class.

14

15    **(D)        PLAINTIFF ALLEGED ECONOMIC LOSS**

16       Paragraphs 47 to 57 of the second amended complaint allege and explain how

17  Plaintiff suffered economic loss based on the above. Plaintiff also pled harm to

18  competition in the larger used car market in paragraph 54. Standing under the UCL is

19  conferred when the plaintiff has suffered injury in fact and has lost money or

20  property as a result of the unfair competition. Cal. Bus. & Prof. Code § 17203.

21       This concept applies to injunctive claims as well as to claims seeking

22  restitution. See *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F3d 998, 1021-

23  1022 (9th Cir. 2004). As the primary thrust of the case is for injunctive relief, and

24  since Plaintiff has alleged injury in fact, the standing element is met. Thus based on

25  the above, the motion to dismiss should be denied.

26

27    **V.    CONCLUSION**

28       Plaintiff respectfully requests the court to deny the motion to dismiss.

1 | Date: November 25, 2022

**LAW OFFICE OF ROBERT L. STARR**

/s/ Adam Rose
Attorney for Plaintiff
Calabasas Luxury Motorcars

-8-
OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT