UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-8825-DMG (ASx) | Date | March 23, 2023 |
|---|---|---|---|
| Title | *Calabasas Luxury Motorcars, Inc. v. BMW North America, LLC et al* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT BMW NORTH AMERICA, LLC, AND BMW FINANCIAL SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [33]**

On October 10, 2022, Plaintiff Calabasas Luxury Motorcars, Inc. ("CLM") filed a Second Amended Complaint ("SAC") against Defendant BMW North America, LLC ("BMW NA") and BMW Financial Services, LLC ("BMW FS") (collectively, "BMW"), alleging violations of California's Unfair Competition Law ("UCL") on behalf of itself and a putative class of others similarly situated. [Doc. # 32.]

On October 31, 2022, BMW filed a motion to dismiss Plaintiff's Second Amended Complaint ("MTD SAC"). [Doc. #33.] The motion has been fully briefed. [Doc. ## 35 ("Opp."), 36 ("Reply").] For the following reasons, the MTD is **GRANTED.**

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background in this case is set forth in the Court's prior Order and incorporated by reference here, except where otherwise stated. *See* Ord. re MTD First Am. Compl. at 1–2 [Doc. # 31 ("Sept. 19, 2022 MTD Ord.")]. In this Motion, BMW moves to dismiss CLM's one remaining claim under the UCL for failure to state a claim.[1] MTD SAC at 2; Fed. R. Civ. P. 12(b)(6).

## II.
## LEGAL STANDARD

The Court previously set forth the standard governing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss and need not repeat it here. *See* Sept. 19, 2022 MTD Ord. at 2.

---

[1] In its previous Order, the Court dismissed CLM's Cartwright Act claim. Sept. 19, 2022 MTD Ord. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-8825-DMG (ASx) | Date | March 23, 2023 |
| Title | *Calabasas Luxury Motorcars, Inc. v. BMW North America, LLC et al* | Page | 2 of 4 |

## III.
## DISCUSSION

Section 17200 of California's Business and Professions Code prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The remaining claim before the Court is that BMW has engaged in both "unfair" and "unlawful" business practice pursuant to section 17200.

**A.      Unlawful Business Practices**

A cause of action brought under the "unlawful" prong of the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). The pleading must allege the way in which the alleged practices violated the "borrowed" law by "stat[ing] with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 618–19 (1993).

The SAC alleges that BMW's policy of not honoring third-party payoffs of vehicles it leases commercially to other parties violates (1) California Civil Code section 2987 and (2) California Vehicle Code section 11709.4, and is thus actionable under the UCL. *See* SAC ¶¶ 44–45. While CLM waived this argument in the MTD FAC briefing, *see* Sept. 19, 2022 MTD Ord. at 3 n.2, the Court must now evaluate whether BMW's conduct pursuant to its policy violates the UCL's "unlawful" prong.

First, CLM cannot state a UCL claim predicated on a violation of California Civil Code section 2987. Section 2987(a) provides a lessee a statutory right to terminate a lease contract at any time prior to its expiration, but does not guarantee a right to trade in a vehicle with an unaffiliated third-party dealer. *See* Cal. Civ. Code § 2987(a); MTD SAC at 16. Nothing in BMW's lease agreement prevents the termination of the lease, only that the purchase option may not be assigned without the lessor's prior written approval. MTD SAC at 16. Nothing in sections 2987 or 2988 require this outcome; both statutes simply address the allocation of liability in a lease termination. *See* Reply at 12. In other words, CLM has not alleged facts that plausibly show that BMW has violated section 2987.

Nor can CLM state a claim under California Vehicle Code section 11709.4, which restricts how dealers may purchase or obtain a vehicle that has a prior credit or lease balance. *See* Cal. Veh. Code § 11709.4(a). This provision does not, as CLM suggests, *see* SAC ¶ 45,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-8825-DMG (ASx) | Date | March 23, 2023 |
| Title | *Calabasas Luxury Motorcars, Inc. v. BMW North America, LLC et al* | Page | 3 of 4 |

imply that consumers have an absolute right to trade in a vehicle at the location of their choice, let alone that a competitor has a right to accept certain vehicles as trade-ins.

This is not the first time that CLM has tried—and failed—to advance these arguments in this District. In addition to this Court's prior Order, Judge Hatter has also rejected them wholesale:

> [CLM] argued that Cal. Veh. Code § 11709.4 and Cal. Civ. Code § 2987 impliedly created a statutory consumer right to trade in leased vehicles at any dealership, and a related right of automobile dealers to accept trade-ins, and that [Defendants] interfered with those implied rights. Sections 11709.4 and 2987 govern any trade-ins that might take place, but there is nothing in those statutes or, apparently, in case law, that requires trade-ins to take place. [CLM], again, provided no authority to support its argument.

*Calabasas Luxury Motorcars, Inc. v. Gen. Motors LLC*, No. CV-21-9566-TJH (PDx), 2022 WL 17348983, at *3 (C.D. Cal. Aug. 25, 2022). This Court agrees with Judge Hatter's analysis on this point.

Accordingly, the Court **DISMISSES** CLM's claim under the UCL's "unlawful" prong. Since any further amendment would be futile, the Court denies leave to amend.

B.   **Unfair Business Practices**

The Court previously set forth the standard governing the proper test for determining whether a business practice between business competitors is unfair. *See* Sept. 19, 2022 MTD Ord. at 3–4.

CLM fails to cure the defects identified in the Court's prior Order on this prong. Indeed, in its SAC, CLM asserted legal allegations under the same incorrect legal standard that the Court previously rejected. SAC ¶ 58; Reply at 5. *Cf.* Sept. 19, 2022 MTD Ord. at 3 ("The Court agrees with BMW that [the "Balancing Test," the "Tethering Test," and the "Section 4 Test"] are not appropriate in this case."). Under the appropriate test, a business practice is unfair between competitors when the conduct "threatens an incipient violation of an antitrust law or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 187 (1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-8825-DMG (ASx) | Date | March 23, 2023 |
|---|---|---|---|
| Title | *Calabasas Luxury Motorcars, Inc. v. BMW North America, LLC et al* | Page | 4 of 4 |

Once again, CLM's analysis relating to unfair consumer practices is inapplicable in this business competition-based claim. The SAC still does not allege facts that would show any plausible anticompetitive aspect of BMW's lawful policy choice to implement an exclusive dealing arrangement when competitive products are available. MTD SAC at 15 (citing Sept. 19, 2022 MTD Ord. at 4). As discussed above, its arguments about California Civil Code section 2987 are unavailing. *See* SAC ¶¶ 59, 61; Opp. at 6. CLM may have pleaded more facts relating to its alleged economic loss, *see* SAC ¶¶ 47–57, but that alone is not sufficient to overcome the fatal flaws in its legal claims. And in service to antitrust law, CLM adds only a single, conclusory allegation about the "continuing threat to the existence and vitality of the used car market." SAC ¶ 76.

Thus, CLM also fails to state a claim under the unfair conduct prong of California's UCL and the Court **DISMISSES** this claim. Since the Court previously gave CLM an opportunity to amend to address these deficiencies, no further leave to amend shall be provided.

## IV.
## CONCLUSION

In light of the foregoing, Defendants' Motion to Dismiss is **GRANTED with prejudice.**

**IT IS SO ORDERED**.